UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARCUS ALEXANDER THORNSBURY, Plaintiff,

v. Civil Action No. 3:17-cv-P146-DJH

SRGT. KUCHENBROD *et al.*, Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Marcus Alexander Thornsbury filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Docket Number (DN) 1). By Order entered March 15, 2017 (DN 5), the Court granted Plaintiff's application to proceed without prepayment of fees. On March 24, 2017, the copy of the Order mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender Inmate Not In Custody" and "Not Deliverable As Addressed Unable to Forward" (DN 6).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). In addition, under the Court's local rules, all *pro se* litigants must provide written notice of a change of address to the Clerk, and "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.2(e).

Review of the docket sheet reveals that months have passed without Plaintiff providing any notice of an address change. Consequently, neither orders from this Court nor filings by Defendants can be served on him. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: July 18, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4415.005